UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARTHUR STEWART, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER M. GALLAGHER, <br><br> Defendant. | CAUSE NO.: 2:21-CV-115-TLS |

## OPINION AND ORDER

This matter is before the Court on Defendant Officer M. Gallagher's Motion for Summary Judgment [ECF No. 53] as well as the Plaintiff's Amended Motion to Strike Defendant's Motion for Summary Judgment or Alternatively Summarily Deny the Same [ECF No. 59]. For the reasons set forth below, the Court denies both motions.

## PROCEDURAL BACKGROUND

Plaintiff Arthur Stewart filed a one-count Complaint [ECF No. 2] in the Lake County, Indiana, Circuit Court on February 19, 2021, bringing a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983. Defendant Officer M. Gallagher then removed the case to this Court on April 5, 2021. ECF No. 1.

On August 24, 2022, the Defendant filed a Motion for Summary Judgment [ECF No. 21] asserting the defense of qualified immunity. The motion was fully briefed on November 3, 2022. ECF Nos. 28, 34.

On December 22, 2022, the Plaintiff tendered interrogatory answers in which he indicated for the first time that he had—at an unspecified time—filed a bankruptcy case in the Northern District of Indiana. Mot. to Strike Ex., ECF No. 59-1, p. 4, No. 7. The interrogatory

answer did not disclose when he filed bankruptcy, what its disposition was, or whether he disclosed this civil lawsuit to the bankruptcy trustee. *See id.*

On February 16, 2023, the Court denied the Defendant's Motion for Summary Judgment. ECF No. 35.

On November 13, 2023, the Court granted a motion to vacate the jury trial setting and to reopen discovery filed by the Defendant. ECF No. 48. On January 1, 2024, the Court set the discovery deadline for April 15, 2024, which was extended to June 14, 2024. ECF Nos. 52, 57.

On March 20, 2024, the Defendant filed the now-fully briefed, instant Motion for Summary Judgment based on the Plaintiff's failure to disclose this civil litigation in the bankruptcy proceedings. ECF Nos. 53, 54, 63, 64, 70, 71. On April 11, 2024, the Plaintiff filed the instant Motion to Strike the Motion for Summary Judgment, ECF No. 59, and the Defendant filed a response on April 26, 2024, ECF No. 62. The Plaintiff did not file a reply by the deadline.

## MOTION TO STRIKE

The Plaintiff asks the Court to strike the Defendant's Motion for Summary Judgment as an unauthorized, successive motion. First, the Court denies the motion to strike because the two motions for summary judgment address distinct legal issues. *See, e.g.*, *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("[T]he denial of summary judgment has no res judicata effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist."). The Defendant's initial motion for summary judgment argued that qualified immunity shielded him from liability on the Plaintiff's § 1983 claim. In contrast, the instant motion for summary judgment asserts that the Plaintiff is not the real party in interest to pursue this claim because of his pending bankruptcy proceeding.

2

Second, the Court denies the motion to strike because the Defendant did not learn of the Plaintiff's bankruptcy until the briefing on the initial motion for summary judgment was complete. Thus, there is good cause for filing a second motion for summary judgment. *See id.* (instructing that a renewed or successive motion for summary judgment may be appropriate if there is an intervening change in controlling law, new evidence or an expanded factual record, or a need to correct a clear error to prevent manifest injustice). The Plaintiff first informed the Defendant of the existence of his bankruptcy in his December 22, 2022, discovery responses, which was seven weeks after summary judgment briefing ended. Counsel for the Defendant represents that, after discovery reopened on January 4, 2024, the Defendant researched the bankruptcy filing in anticipation of the Plaintiff's deposition. The instant motion for summary judgment was then filed within a reasonable time on March 20, 2024. Accordingly, for both these reasons, the Court denies the Plaintiff's Motion to Strike.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary

judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court may take judicial notice of bankruptcy proceedings. *See* Fed. R. Evid. 201(b); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) ("The district court may also take judicial notice of matters of public record.").

## MATERIAL FACTS

The Plaintiff, Arthur Stewart, claims that the Defendant, City of Hobart police officer Michael Gallagher, violated his civil rights on February 22, 2019, by using excessive force during his arrest. Compl., ECF No. 2. Subsequently, the Plaintiff filed a voluntary petition for Chapter 13 bankruptcy on May 16, 2019. Def. Ex. A, p. 1, ECF No. 53-1. The Voluntary Petition for Individuals Filing Bankruptcy, Official Form 101, Schedule A/B: Property requires the debtor to answer whether he has any "[c]laims against third parties, whether or not [he has] filed a lawsuit or made a demand for payment." *Id.* at 15 (Schedule A/B: Property). The Plaintiff answered "No." *Id.* The Plaintiff also did not list this civil lawsuit anywhere else in the Summary of Your Assets and Liabilities or Schedule A/B: Property. *See id.* at 8–16. The Plaintiff verified that his statement of financial affairs was true and correct under the penalty of perjury. *Id.* at 56.

The Plaintiff filed his Complaint in this case on February 19, 2021, at which time the bankruptcy petition remained pending. *See In re Stewart*, 2:19-bk-21351 (N.D. Ind. Bankr.).

The Plaintiff updated his schedule of assets three times in the bankruptcy proceedings prior to the Defendant filing the instant Motion for Summary Judgment on March 20, 2024, but the Plaintiff did not disclose this civil case in any of the filings. *See* Def. Exs. B (8/19/2020), C (8/9/2021), D (11/10/2023), ECF Nos. 53-2 through 53-4.

However, on April 3, 2024, the Plaintiff updated his Schedule A/B: Property in the bankruptcy proceeding, disclosing this civil lawsuit. Pl. Ex. 1, pp. 5–6, ECF No. 63-1.

The Plaintiff avers in his affidavit that he was unaware of his legal rights to the claim in this civil lawsuit until after he filed his Chapter 13 bankruptcy petition. Pl. Ex. 2, ¶ 2, ECF No. 63-2. He further states that, since he did not originally include any creditors related to this claim in his Chapter 13 petition, he did not understand that he had to amend his schedules to include this claim. *Id.* ¶ 3. He states that the failure to amend his schedules was the result of an honest mistake and was not an intentional act to deceive his creditors. *Id.* ¶ 5. As noted in the Procedural Background above, the Plaintiff disclosed his bankruptcy in his December 22, 2022 answer to interrogatories. Pl. Ex. 3, p. 4, ECF No. 63-3.

On April 8, 2024, the Plaintiff's bankruptcy attorney, Dan L. Whitten, filed an application in the bankruptcy case to employ the Plaintiff's attorney in this case, Russell W. Brown, Jr., as special counsel to represent the Plaintiff in this civil lawsuit. Def. Ex. E, ECF No. 70-1. No objections were filed, and the bankruptcy court set the motion for hearing on June 5, 2024. Docket Entry 218, *In re Stewart*, 2:19-bk-21351 (N.D. Ind. Bankr.). On May 28, 2024, the bankruptcy trustee filed a motion to convert the bankruptcy case to chapter 7 because the Plaintiff had not made any plan payments since January 2024. *Id.* at Docket Entry 220. The bankruptcy court set the motion for hearing on June 5, 2024, as well. *Id.* at Docket Entry 221.

At the June 5, 2024 hearing, the bankruptcy court granted the motion to appoint special counsel. *Id.* at Docket Entry 224. And on June 6, 2024, the bankruptcy court entered a written order authorizing the Plaintiff to employ Russel W. Brown, Jr. of The Region Lawyers, to represent the Plaintiff in this civil matter. *Id.* at Docket Entry 225. The same day, the bankruptcy court issued an agreed order on the trustee's motion, curing the Plaintiff's default in plan payments through an increase in his monthly payments. *Id.* at Docket Entry 226; Def. Ex. G, ECF No. 70-3. On July 12, 2024, the Trustee filed a Motion to Dismiss Case for Failure to Make

Plan Payments, and the bankruptcy court set the motion for an August 20, 2024 hearing. Docket Entries 230, 231, *In re Stewart*, 2:19-bk-21351 (N.D. Ind. Bankr.).

## ANALYSIS

The Defendant seeks summary judgment based on the Plaintiff's failure to disclose this civil lawsuit as an asset in his ongoing bankruptcy proceeding, arguing that the Plaintiff must substitute the trustee as the real party in interest and that the Plaintiff should be judicially estopped from proceeding with this case. In his response, the Plaintiff offers evidence that his failure to disclose this civil lawsuit in the bankruptcy proceeding was an honest mistake, that he has since made the proper disclosure, and that he successfully moved the bankruptcy court to appoint his attorney as special counsel in this matter. Moreover, the Plaintiff correctly contends that, as a Chapter 13 debtor, he can pursue this civil lawsuit in his own name on behalf of the estate and its creditors.

Upon the filing of a bankruptcy petition, with some exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case" becomes the property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1); *City of Chicago v. Fulton*, 592 U.S. 154, 156 (2021). This "includes choses in action and other legal claims that could be prosecuted for the benefit of the estate." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472–73 (7th Cir. 1999) (citing *In re Smith*, 640 F.2d 888 (7th Cir. 1981)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013); *see also Lockett v. DeJoy*, No. 22-CV-7336, 2024 WL 308329, at *3 (N.D. Ill. Jan. 26, 2024).

In a Chapter 13 bankruptcy, such as the Plaintiff's, the debtor is granted possession of the bankruptcy estate's property. *Cable*, 200 F.3d at 472 (citing 11 U.S.C. § 1306(b)). Unlike in a Chapter 7 liquidation proceeding in which "*only* the trustee has standing to prosecute or defend a

6

claim belonging to the estate," under Chapter 13—a reorganization chapter, "the debtor has express authority to sue and be sued." *Id.* (citing Fed. R. Bankr. P. 6009). The Chapter 13 debtor has "full authority as representative of the estate typical of a trustee." *Id.* (citations omitted). As a result, "[a] Chapter 13 debtor, like [the Plaintiff], has standing to bring a claim in his own name for the benefit of the bankruptcy estate, but not for his own personal benefit." *King v. Ind. Harbor Belt R.R. Co.*, No. 2:15-CV-245, 2018 WL 1566821, at *3 (N.D. Ind. Mar. 30, 2018) (citing *Cable*, 200 F.3d at 472–73; *In re Heath*, 115 F.3d 521, 523–24 (7th Cir. 1997)); *Thomas v. Ind. Oxygen Co.*, 32 F. Supp. 3d 983, 987–88 (S.D. Ind. 2014) ("[A] Chapter 13 debtor retains possession of the bankruptcy estate's property and has concurrent standing with the bankruptcy trustee to pursue claims on behalf of the estate." (cleaned up)); *Rainey v. United Parcel Serv., Inc.*, 466 F. App'x 542, 544 (7th Cir. 2012) ("The [Chapter 13] debtor thus can pursue legal claims for the benefit of the estate and its creditors." (citations omitted)).

Prior to the Defendant filing the instant motion for summary judgment on March 20, 2024, the Plaintiff had not listed this civil action as an asset in his bankruptcy filings. However, shortly after the Defendant filed this motion, the Plaintiff filed an Amended Schedule A/B in the Chapter 13 bankruptcy proceeding on April 3, 2024, and disclosed this civil lawsuit as an asset. In addition, the Plaintiff, through his bankruptcy counsel, filed a motion in the bankruptcy proceeding to appoint his attorney in this case, Russell W. Brown, Jr., as special counsel to pursue this civil litigation. A hearing was held, and the bankruptcy court granted the motion on June 5, 2024.

Thus, the record demonstrates that the Plaintiff is prosecuting this § 1983 excessive force claim for the benefit of the bankruptcy estate and not for his own benefit. As a result, the Plaintiff has standing to pursue this claim in his own name on behalf of the bankruptcy estate as

the debtor-in-possession. *See Thomas*, 32 F. Supp. 3d at 988; *Rainey*, 466 F. App'x at 544; *cf. Lockett*, 657 B.R. at 234–35 (finding that the bankruptcy debtor was prosecuting the civil discrimination lawsuit for his own benefit, and not on behalf of the estate, where the debtor had failed to disclose the civil discrimination claims in the bankruptcy case, which was closed); *Becker v. Verizon N., Inc.*, No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007) (affirming, on summary judgment, that the plaintiff was judicially estopped from pursing her Title VII claim where she had failed as a Chapter 13 bankruptcy debtor to disclose the Title VII claim during the bankruptcy proceeding); *Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *3 (N.D. Ill. Aug. 20, 2009) ("While Calvin, as a Chapter 13 debtor-in-possession, would have standing to bring this claim on behalf of and for the benefit of her estate, Calvin's active misrepresentation in her bankruptcy proceedings demonstrates that she is *not* bringing her discrimination claims *on behalf of* or *for the benefit of* her bankruptcy estate.").[1]

The Defendant also argues that the Plaintiff should be judicially estopped from proceeding with this case for taking inconsistent positions before the bankruptcy court and this court. *See New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (explaining that judicial estoppel is an equitable doctrine that operates "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" (cleaned up)); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (applying judicial estoppel to prevent a debtor in bankruptcy who denied owning an asset in his sworn financial statement from proceeding with a civil case based on the concealed claim). Here, judicial estoppel is not appropriate where the bankruptcy remains open and the Plaintiff promptly

---

[1] The Defendant's citation to the Indiana Supreme Court case of *Hammes v. Brumley*, 659 N.E.2d 1021, 1025–27 (Ind. 1995), is inapposite because it concerned naming a Chapter 7 bankruptcy trustee as the real party in interest and did not address a Chapter 13 debtor's ability to bring a civil lawsuit in his own name on behalf of the bankruptcy estate.

cured his omission by amending his asset schedule in the bankruptcy proceeding. *See Rainey*, 466 F. App'x at 545 (finding that, where the plaintiff's bankruptcy estate remained open, "preventing [the plaintiff] from bringing his claims would undermine the interests of his creditors"). Moreover, the evidence shows that the Plaintiff's failure to disclose this lawsuit in his bankruptcy proceedings was an honest mistake. And there is no evidence that the Plaintiff gained any advantage from the earlier failure to disclose this lawsuit in the bankruptcy.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Plaintiff's Amended Motion to Strike Defendant's Motion for Summary Judgment or Alternatively Summarily Deny the Same [ECF No. 59], DENIES as moot the Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment or Alternatively Summarily Deny the Same [ECF No. 58], and DENIES Defendant Officer M. Gallagher's Motion for Summary Judgment [ECF No. 53].

SO ORDERED on July 25, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT